UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
 §
PARKER, GARY ROSS § Case No. 13-30435
PARKER, CYNTHIA MARIA §
 §
 §
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on             .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]             $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Elizabeth C. Berg_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1 - Successor Trustee Report
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| | |
|---|---|
| Case No: 13-30435  CAD  Judge: CAROL A. DOYLE | Trustee Name: Elizabeth C. Berg |
| Case Name: PARKER, GARY ROSS | Date Filed (f) or Converted (c): 07/31/13 (f) |
| PARKER, CYNTHIA MARIA | 341(a) Meeting Date: 08/26/13 |
| For Period Ending: 08/27/14 | Claims Bar Date: 06/05/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Equitable or Future Interests (u) Post-Petition Inheritance | 0.00 | 166,111.52 | | 166,111.52 | FA |
| 2. Real Property 800 Mark Ln., Hampshire, IL--stay lifted per order 10/17/13 | 293,000.00 | 0.00 | | 0.00 | FA |
| 3. Checking Account | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. Furniture | 750.00 | 0.00 | | 0.00 | FA |
| 5. Clothing-mens | 100.00 | 0.00 | | 0.00 | FA |
| 6. Clothing-womens | 100.00 | 0.00 | | 0.00 | FA |
| 7. 2003 GMC Envoy-229,000 miles | 2,000.00 | 0.00 | | 0.00 | FA |
| 8. 2007 GMC Envoy-87,000 miles | 5,000.00 | 0.00 | | 0.00 | FA |
| 9. 1998 laptop and printer | 100.00 | 0.00 | | 0.00 | FA |

TOTALS (Excluding Unknown Values)  $302,050.00   $166,111.52       $166,111.52   Gross Value of Remaining Assets $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Case reopened 2/7/14 to administer inheritance.  Trustee reappointed 2/11/14; Trustee investigated Gary Ross Parker's interest in the inheritance due to him from his mother's estate; Mr. Parker's mother passed away within 180 days post petition and as a result, the inheritance became property of the Estate; Trustee liqudated the Estate's interest in the probate estate; analyzed claims filed and addressed Estate tax matters; Trustee prepared TFR

Initial Projected Date of Final Report (TFR): 10/31/14      Current Projected Date of Final Report (TFR): 10/31/14

FORM 2 - Successor Trustee Report

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: | 13-30435 -CAD |
| Case Name: | PARKER, GARY ROSS |
| | PARKER, CYNTHIA MARIA |
| Taxpayer ID No: | *******1155 |
| For Period Ending: | 08/27/14 |

| | |
|---|---|
| Trustee Name: | Elizabeth C. Berg |
| Bank Name: | Associated Bank |
| Account Number / CD #: | *******6131 Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/23/14 | 1 | FRANKLIN TEMPLETON MONEY FUND<br>BANK OF AMERICA, NA<br>SAN FRANCISCO, CA | POST-PETITION INHERITANCE | 1229-000 | 166,111.52 | | 166,111.52 |
| 07/08/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 55.75 | 166,055.77 |
| 08/07/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 246.83 | 165,808.94 |

```
                                         COLUMN TOTALS              166,111.52      302.58      165,808.94
                                     Less: Bank Transfers/CD's            0.00        0.00
                                         Subtotal                    166,111.52      302.58
                                     Less: Payments to Debtors                         0.00
                                         Net                         166,111.52      302.58
```

|   |   | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | | |
| Checking Account (Non-Interest Earn - ********6131 | | 166,111.52 | 302.58 | 165,808.94 |
| | | 166,111.52 | 302.58 | 165,808.94 |
| | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals: 166,111.52    302.58

Page 1

**EXHIBIT C**
**ANALYSIS OF CLAIMS REGISTER**

Date: August 27, 2014

Case Number: 13-30435
Debtor Name: PARKER, GARY ROSS

Claim Class, Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 3110-00 | Baldi Berg, Ltd. 20 N. Clark Street, Ste. 200 Chicago, IL 60602 | Administrative | | $1,691.00 | $0.00 | $1,691.00 |
| 001 2100-00 | Elizabeth C. Berg, Trustee | Administrative | | $2,852.28 | $0.00 | $2,852.28 |
| | Subtotal for Class Administrative | | | $4,543.28 | $0.00 | $4,543.28 |
| 000001 070 7100-00 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services PO Box 19008 Greenville, SC 29602 | Unsecured | | $1,024.39 | $0.00 | $1,024.39 |
| 000002 070 7100-00 | Fifth Third Bank PO Box 9013 Addison, Texas 75001 | Unsecured | | $4,446.60 | $0.00 | $4,446.60 |
| 000003 080 7200-00 | Department Stores National Bank/Macy's Bankruptcy Processing PO Box 8053 Mason, OH 45040 | Unsecured | | $1,606.59 | $0.00 | $1,606.59 |
| 000004 080 7200-00 | Chase Bank USA, N.A. attn: Correspondence Dept. P.O. Box 15298 Wilmington, DE 19850-5298 | Unsecured | (4-1) Modified on 6/18/14 to correct creditor's address. (AD) | $881.56 | $0.00 | $881.56 |
| 000005 080 7200-00 | Chase Bank USA, N.A. attn: Correspondence Dept. P.O. Box 15298 Wilmington, DE 19850-5298 | Unsecured | | $8,195.57 | $0.00 | $8,195.57 |
| 999 8200-00 | GARY ROSS & CYNTHIA MARIA PARKER HAMPSHIRE, IL 60140 | Unsecured Surplus-back to debtor | | $145,088.71 | $0.00 | $145,088.71 |
| | Subtotal for Class Unsecured | | | $161,243.42 | $0.00 | $161,243.42 |
| | Case Totals: | | | $165,786.70 | $0.00 | $165,786.70 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-30435
Case Name: PARKER, GARY ROSS
    PARKER, CYNTHIA MARIA
Trustee Name: Elizabeth C. Berg

   Balance on hand                 $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Elizabeth C. Berg | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg, Ltd. | $ | $ | $ |

  Total to be paid for chapter 7 administrative expenses     $_____
  Remaining Balance                $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

  In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $   must be paid in advance of any dividend to general (unsecured) creditors.

  Allowed priority claims are:

NONE

      The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

      Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

      Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | PYOD, LLC its successors and assigns as | $ | $ | $ |
| 000002 | Fifth Third Bank | $ | $ | $ |

      Total to be paid to timely general unsecured creditors      $_____

      Remaining Balance      $_____

      Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

      Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | Department Stores National Bank/Macy's | $ | $ | $ |
| 000004 | Chase Bank USA, N.A. | $ | $ | $ |
| 000005 | Chase Bank USA, N.A. | $ | $ | $ |

      Total to be paid to tardy general unsecured creditors      $_____

      Remaining Balance      $_____

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

      To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of      % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $        . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

      The amount of surplus returned to the debtor after payment of all claims and interest is $            .