UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
| ) | | |
| Gary Ross & Cynthia Maria Parker, ) | | Case No. 13-30435 |
| ) | | Honorable Donald R. Cassling |
| Debtors. ) | | (Geneva) |
| ) | | Hearing Date: October 10, 2014 |
| ) | | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:            Elizabeth C. Berg, Trustee

Authorized to Provide
Professional Services to:     Estate

Dates of Order Appointment
 and Reappointment:           July 31, 2013; February 11, 2014

Period for Which
Compensation is sought:       July 31, 2013 to Close of Case

Amount of Fees sought:        $2,852.28

Amount of Expense
Reimbursement sought:           $0.00

This is an:    Interim Application __         Final Application  _X__

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:  $0.00    .

Dated:  August 27, 2014              Elizabeth C. Berg, Trustee of the Estate of
                                     Gary Ross & Cynthia Maria Parker, Debtors


                                     By:     /s/Elizabeth C. Berg, Trustee
                                            Elizabeth C. Berg, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Gary Ross & Cynthia Maria Parker, | ) | Case No. 13-30435 |
| | ) | Honorable Donald R. Cassling |
| Debtors. | ) | (Geneva) |
| | ) | Hearing Date: October 10, 2014 |
| | ) | Hearing Time: 10:30 a.m. |

**Application for Allowance and Payment of Final Compensation
of Elizabeth C. Berg, as Trustee**

Elizabeth C. Berg, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Gary Ross Parker & Cynthia Maria Parker, ("Debtors"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $2,852.28 as final compensation for services rendered as trustee in this case from July 31, 2013 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. On July 31, 2013 ("Petition Date"), the Debtors filed a voluntary petition for relief under chapter 7 of the Code.

2. Trustee reviewed the Debtors' schedules of assets and liabilities and statements of financial affairs and examined the Debtors at a section 341 meeting of creditors. Trustee determined that there were no assets of value, filed a report of no distribution and this case was closed on August 27, 2013.

3. Trustee subsequently learned that within 180 days of the Petition Date, Gary Ross Parker's mother passed away and that he was a beneficiary of his mother's probate estate. Any inheritance to which Mr. Parker was entitled from the probate estate (the "Inheritance") became property of this Estate pursuant to Section 541(a)(5). Upon

the motion of the United States Trustee, this case was reopened on February 7, 2014 for purposes of administering the Inheritance.

   4. Upon the reopening of this case, Elizabeth C. Berg was re-appointed and remains the duly appointed, qualified and acting chapter 7 trustee in this case.

   5. The bar date for filing claims in this case was June 5, 2014.

## Prior Compensation

   6. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

   7. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case.

## Services Rendered by Trustee

   8. Since her appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. The services rendered by Trustee since her appointment in this case include but are not limited to the following:

    A. Trustee reviewed and analyzed the Debtors' Schedules of Assets and Liabilities; the Debtors' Statements of Financial Affairs; and conducted an examination of the Debtors pursuant to Section 341 of the Code;

    B. Trustee investigated the Estate's interest in the Inheritance; the Trustee contacted the executor of the probate estate and, with assistance from her attorneys, properly asserted the Estate's interest in the Inheritance; Trustee directed the executor and a brokerage company, which maintained an account on behalf of Mr. Parker's deceased mother, to liquidate Mr. Parker's Inheritance and turnover the proceeds; Trustee prepared all documents necessary to effectuate the transfer of proceeds from the brokerage account; Trustee reviewed and analyzed brokerage

2

account statements to verify the total value of the funds to which Mr. Parker was entitled to inherit; as a result, Trustee recovered more than $166,000 from the brokerage account;

   C. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

   D. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

   E. Trustee examined, analyzed and verified proofs of claim filed against the Estate;

   F. Trustee attended to tax matters including hiring a tax accountant; Trustee consulted with her accountant, and, determined that no Estate tax return was required to be filed; and

   G. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

## Funds Collected and Disbursed by Trustee

   9. Trustee has collected the sum of $166,111.52 on behalf of the Estate. Trustee has made $302.58 in disbursements in this case as of the date hereof.

   10. Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

## Compensation Requested

   11. During the period covered by this Application, Trustee spent 11.10 hours rendering services on behalf of this Estate with a value of $2,891.00. Trustee estimates that she will spend an additional three hours rendering services with a value of $675.00

3

to obtain approval of the final report, make a final distribution to creditors and prepare and file her final account.

12. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above, less the estimated surplus totaling $145,088.71 to be returned to the Debtors, is $2,852.28 as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | $1,250.00 |
| 10% of the next $16,022.81 | $1,602.28 |
| Total allowable compensation | $2,852.28 |

13. Based upon the caliber of the services rendered by Trustee, the results achieved in this case and the efficiency of administration, Trustee requests allowance and payment of final compensation for her services rendered as trustee from the time of her appointment through the closing of this case in the amount of $2,852.28. This amount represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 12 above.

14. After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a 100% distribution to general unsecured creditors, plus interest. As set forth above, Trustee anticipates that there will be a surplus of funds returned to the Debtors.

15. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Elizabeth C. Berg, as trustee, is attached hereto as Exhibit B.

16. Trustee requests that the compensation requested herein be paid from the Estate funds in her possession.

### Status of the Case

17. The Trustee has liquidated or abandoned (or sought to abandon) all of the assets belonging to this Estate and completed her review and analysis of the claims filed against the Estate.

4

18. Trustee has completed and filed her Final Report simultaneously herewith.

WHEREFORE, Elizabeth C. Berg, as trustee of the Estate of Gary Ross Parker & Cynthia Maria Parker requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $2,852.28 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from July 31, 2013 through the closing of this case;

B. Authorizing the Trustee to pay the amount awarded from the Estate funds held by the Trustee as part of her final distribution in this case;

C. For such other and further relief as this Court deems appropriate.

Dated:  August 27, 2014    Elizabeth C. Berg, as trustee of the estate of
                           Gary Ross & Cynthia Maria Parker, Debtors


                           By:     /s/_____
                                    Elizabeth C. Berg

Elizabeth C. Berg
Attorney I.D. No. 6200886
20 N. Clark St., Suite 200
Chicago, IL  60602
(312) 726-8150

5

**Trustee's Final Fee Application**          **Gary Ross & Cynthia Maria Parker, Debtors**
                                             **Case No. 13-30435**

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Baldi Berg, Ltd.**
**20 N. Clark Street**
**Suite 200**
**Chicago, IL 60602**

**Phone:** (312) 726-8150
**Fax:**   (312) 470-6323                                                                                    **FEIN:** 36-4352753

**Invoice submitted to:**                                                                August 24, 2014
                                                                                         Invoice No:   02492

Elizabeth C. Berg
Baldi Berg, Ltd.
20 N. Clark Street
Suite 200
Chicago, IL 60602

**In Reference to:**   *Parker - Trustee Matters*

## Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 1/20/2014 | ECB | Teleconference with John Biallas re debtor's inheritance and motion to reopen case | 0.20 $325.00/ hr | $65.00 |
| 1/21/2014 | ECB | Email with J. Biallas re contact info for executor of father's estate and request for motion to re-open case | 0.10 $325.00/ hr | $32.50 |
| 2/11/2014 | ECB | Check court website for posting of order to re-open case on docket (.1) TC to J. Cassling's chambers to inquire into status of same (.1) | 0.20 $325.00/ hr | $65.00 |
| 2/21/2014 | ECB | Memo to RKP re prep of letter to executor of Debtor's deceased mother's estate | 0.10 $325.00/ hr | $32.50 |
| 2/25/2014 | ECB | Review and approve motions to employ attys and accts (.3) email to staff re filing and service of same (.1) | 0.40 $325.00/ hr | $130.00 |
| 2/27/2014 | ECB | Extended TC with executor for estate of Lillian Parker | 0.50 $325.00/ hr | $162.50 |
| 4/01/2014 | ECB | Teleconference with Debtor's counsel regarding proposed removal of deceased mother's name from investment account and Trustee pursuit of turnover of funds (.2) | 0.30 $325.00/ hr | $97.50 |

**Baldi Berg, Ltd**

Parker - Trustee Matters

8/24/2014

Page    2

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| | | Check claims docket and place call to Acct Roger Anderson re turnover of funds (.1) | | |
| 4/02/2014 | ECB | Teleconference with Accountant R. Anderson re steps and documentation required to divide Franklin Investments account (.2) Prepare Letter of Authorization to Debtor re execution of necessary paperwork to divide account and prohibition against disposition of funds (.5) Email to Debtor's counsel, Bryan Parker and R. Anderson re same (.2) | 0.90 $325.00/ hr | $292.50 |
| 4/03/2014 | ECB | Teleconference with Bryan Parker, brother of debtor, re procedures and timing of division of Franklin Investment account | 0.10 $325.00/ hr | $32.50 |
| 4/30/2014 | ECB | Review file and email debtor's counsel and financial advisor to inquire into status of division of Franklin Investment account | 0.20 $325.00/ hr | $65.00 |
| 5/08/2014 | ECB | Telephone call to J. Biallas to confirm separation of Franklin Investment funds into (2) separate accounts and request information on Debtor's new account | 0.20 $325.00/ hr | $65.00 |
| 5/15/2014 | ECB | Check bar date and status of claims filed to date (.1) TC with J Biallas re status of claims and turnover of funds following passage of bar date (.2) Email Biallas re same (.1) | 0.40 $325.00/ hr | $130.00 |
| 5/15/2014 | ECB | Review statements received from Debtor regarding split of account between Debtor and brother as heirs of Lillian Parker; Confirm calculations and division of proceeds of same (.3) | 0.30 $325.00/ hr | $97.50 |
| 6/04/2014 | RKP | Analyze credit card claims | 2.00 $195.00/ hr | $390.00 |
| 6/06/2014 | ECB | Review claims filed (.2) Email to Debtor's counsel re turnover of funds on hand (.1) | 0.30 $325.00/ hr | $97.50 |

**Baldi Berg, Ltd**                                                                                       8/24/2014

Parker - Trustee Matters                                                                    Page    3

___

| Date | Initials | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 6/09/2014 | ECB | Review and approve unsecured claims (.2) Review and approve administrative claims (.2) Review case docket for closing (.1) | 0.50 $325.00/ hr | $162.50 |
| 6/10/2014 | ECB | Teleconference with J. Biallas, counsel for debtor, re turnover of bank accounts to Trustee | 0.10 $325.00/ hr | $32.50 |
| 6/11/2014 | ECB | Review Macy claim & email from Debtors' counsel re turnover | 0.10 $325.00/ hr | $32.50 |
| 6/23/2014 | JMM | Request EIN from IRS (.1), Request new bank account from Associated and Open new bank account into TCMS (.1), Deposit Check into TCMS (.1), Prepare FedEx Label and send check to Associated Bank via FedEx (.2) | 0.50 $175.00/ hr | $87.50 |
| 8/12/2014 | RKP | Review case file, docket and claims for information needed by L. West to analyze estate tax issue (.4); email to L. West re: same (.2); compile documents to L West for review (.1); review memo from L. West re: same | 0.80 $195.00/ hr | $156.00 |
| 8/14/2014 | ECB | Review proofs of claims (.3), docket (.1) and administrative claims (.3) in preparation of case closing | 0.70 $325.00/ hr | $227.50 |
| 8/20/2014 | JMM | Process July 2014 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.20 $175.00/ hr | $35.00 |
| 8/22/2014 | RKP | Review schedules and statements (.4) and case file and docket (.5) for information needed to prepare TFR; update system information with data needed to prepare Form 1 TFR and related documents (.8); edit time detail in preparation of Trustee fee application (.2) | 1.90 $195.00/ hr | $370.50 |

Total Fees    $2,859.00

**Baldi Berg, Ltd**

Parker - Trustee Matters

8/24/2014

Page    4

|  |  |
|---|---|
| Total New Charges | $2,859.00 |
| Previous Balance | $0.00 |
| Balance Due | $2,859.00 |

### *Timekeeper Summary*

| Name | Hours | Rate |
|---|---|---|
| Elizabeth C Berg | 5.60 | $325.00 |
| Jason M Manola | 0.70 | $175.00 |
| Ricki K Podorovsky | 4.70 | $195.00 |

**Trustee's Final Fee Application**  **Gary Ross & Cynthia Maria Parker, Debtors**
**Case No. 13-30435**

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Gary Ross & Cynthia Maria Paker, | ) | Case No. 13-30435 |
| | ) | |
| Debtors. | ) | Hon. Donald R. Cassling |
| | ) | (Geneva) |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Elizabeth C. Berg, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Elizabeth C. Berg as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation to be received for services rendered in connection with this matter, except among the principals and associates of Baldi, Berg, Ltd., a law firm at which I was employed during the pendency of this case. I have not previously received payment of any compensation for services rendered incurred in connection with this case.

4. Further affiant sayeth naught.

_____
Elizabeth C. Berg

Subscribed and Sworn to before me
on August 26, 2014

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit B**